UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Qiu Ming Wan, *on behalf of himself and*    Case No: 1:17-cv-07207-GBD
*others similarly situated,*
                                 Plaintiff,
                    v.    **SETTLEMENT AGREEMENT**
                                                    **AND RELEASE**

K.C. Beauty Corp Bloom Spa, d/b/a Bloom Hair and Nails
Spa, Kei Chan Kim, and Mimi Kin,
                                 Defendants,
------------------------------------------------------------------X

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Qiu Ming Wan ("Plaintiff Wan") and Plaintiff Mei Chun Poon ("Plaintiff Poon") (collectively "Plaintiffs") on the one hand, K.C. Beauty Corp Bloom Spa, d/b/a Bloom Hair and Nails Spa ("Defendant Corporation"), and Kei Chan Kim and Mimi Kin ("Individual Defendants"), (collectively, "Defendants"), on the other hand, as of October __, 2018 ("Effective Date").

      WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Case No: 2:17-cv-07207 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of state wage and hour and overtime laws; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1.     **Payment**. Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Amount"). The Settlement Amount shall be allocated as follows:

$10,281.60 to "Qiu Ming Wan";

$3,023.04 to "Mei Chun Poon";

1231196.1

$6,695.36 to "Hang & Associates, PLLC" including $5,895.36 for attorneys' fees and $800.00 for filing fees, expenses and costs.

The Settlement Amount shall be paid to Plaintiffs' counsel, Hang & Associates, PLLC 136-20 38th Avenue, Ste 10G, Flushing, NY 11354, in three (2) installments as follows:

(a) Installment One: A certified bank check in the amount of Six Thousand Six Hundred and Ninety-Five Dollars and Thirty-Six Cents ($6,695.36) made payable to "Hang & Associates, PLLC"; a certified bank check in the amount of Three Thousand Three Hundred and Four Dollars and Sixty-Four Cents ($3,304.64) made payable to " Qiu Ming Wan" for immediate deposit on or before <u>November 30, 2018</u>, delivered to Hang & Associates, PLLC;

(b) Installment Two: A certified bank check in the amount of Six Thousand Nine Hundred and Seventy-Six Dollars and Ninety-Six Cents ($6,976.96) made payable to " Qiu Ming Wan", A certified bank check in the amount of Three Thousand and Twenty-Three Dollars and Four Cents ($3,023.04) made payable to " Mei Chun Poon", for immediate deposit <u>on or before December 31, 2018,</u> delivered to Hang & Associates, PLLC.

All payments set forth above shall be delivered to the office of Hang & Associates, PLLC to the attention of Jian Hang, Esq. 136-20 38th Ave., Ste 10G, Flushing, NY 11354. Failure to deliver said checks shall constitute a default of this Agreement.

2. **Return of Gold Bracelet.**

Defendants shall return Plaintiff the gold bracelet as identified in paragraph 30 of Complaint in exchange for Plaintiff's payment in the amount of $164.00. The return of the gold bracelet and exchange of payment shall be no later than November 30, 2018 and shall be at Defendants' counsel's law office located at 141-25 Northern Blvd, Suite A30, Flushing, NY 11354.

3. **Confession of Judgment.**

Concurrently with the execution of this Agreement, Defendants shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and shall not be filed with the Court unless: (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the checks fails to clear, or Defendants fail to deliver the payments to Plaintiffs' counsel within the time frames set forth above in the Agreement, and (ii) Defendants fail to cure such default within seven (7) calendar days of receipt of written notice (to be delivered to Defendants by First Class mail. Any such Notice of Default shall be deemed received five days after it is mailed.

4. **Wage and Hour Release by Plaintiffs.**

In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims, and age discrimination claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims, or age discrimination claims that may occur after that date.

5. **No Admission of Wrongdoing**. This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. **Dismissal of the Litigation**. Plaintiffs shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1, a Stipulation of Dismissal (in the form of **Exhibit C**, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings.

7. **Modification of the Agreement**. This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

8. **Acknowledgments.** Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. **Notices**. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Jian Hang, Esq.
Hang & Associates, PLLC

136-20 38th Avenue Suite 10G
Flushing, NY 11354
Tel: (718)-353-8588
Fax: (718)-353-6288
Email: jhang@hanglaw.com

To Defendants:

Do Kyung Kim, Esq.
Do Kyung Kim & Associates
141-25 Nothern Blvd., Suite A30
Flushing, NY 11354
New York, NY 10001
(718) 460-9494
Fax: (888) 456-7938
Email: dkkimlaw@gmail.com

10.   **Governing Law**. This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11.   **Severability**. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12.   **Representations and Warranties**. Each party hereby represents and warrants to the other party that such party (a) has read and understands this Agreement, including the release set forth herein, and has entered into it voluntarily and without coercion; (b) has been advised, and has had the opportunity, to consult with legal counsel of its choosing with respect to this Agreement and the matters contemplated hereby; (c) is entering into this Agreement based upon its own investigation and is not relying on any representations or warranties of the other Party or any other person not set forth herein; (d) acknowledges that it is entering into this Agreement with full knowledge and understanding that in exchange for the benefits to be received as described herein, it is giving up certain valuable rights that such party may now have or may later acquire; (e) has the legal authority to enter into this Agreement and perform its obligations hereunder; and (f) has duly executed this Agreement, and such Agreement constitutes the valid and binding obligation of such party, enforceable against it in accordance with its terms, to the fullest extent of law.

13.   **Participation in Drafting**. Each Party has participated in, cooperated in, or contributed to the drafting and preparation of this Agreement. In any construction of this Agreement, the same shall not be construed for, or against, any Party, but shall be construed fairly according to its plain meaning.

14.   **Counterparts**. To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear

below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____  Date: 10-15/18
    Qiu Ming Wan

By: _____  Date: 10-15-18
    Mei Chun Poon

DEFENDANTS:

By: _____  Date: 10-11-18
    On behalf of K.C. Bloom Corp Bloom Spa
    Print Name: Kei Chan Kim
    Title: President

By: _____  Date: 10-11-18
    Kei Chan Kim

By: _____  Date: 10-11-18
    Mimi Kin

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
Qiu Ming Wan, individually and on behalf of all
other employees similarly situated,

        Plaintiff,

-against-

K.C. Beauty Corp Bloom Spa, d/b/a Bloom Hair
and Nails Spa, Kei Chan Kim, and Mimi Kin,

        Defendants,
------------------------------------x

Case No. 17-cv-07207

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED** by and between counsel for plaintiffs and defendants that plaintiffs, in accordance with the provisions of Rule 41(a)(1) of the Federal Rules of Civil Procedure, hereby dismisses this action, with prejudice and without an award of costs and disbursements. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

Dated: October 11, 2018

_____
Xiaoxi Liu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
xliu@hanglaw.com
*Attorneys for Plaintiffs*

Entered:

SO ORDERED

_____
Do Kyung Kim
Do Kyung Kim & Associates
141-25 Northern Blvd., Suite A30
Flushing, NY 11354
(718) 460-9494
Fax: (888) 456-7938
Email: dkkimlaw@gmail.com

_____
U.S.D.J.

Page 13 of 13